Clapp *v.* Hanson.

---

## Asa W. H. Clapp *vs.* Asa Hanson.

If the acceptance or rejection of the report of referees depend on the exercise of a discretionary power of the Judge of the Court of Common Pleas, it is not subject to revision in this Court by exceptions.

The payee of a negotiable note, indorsed before it fell due, cannot be received as a competent witness to prove the note originally void.

It is not competent for the maker of a negotiable note to set up in defence usury in the transfer from the payee to the indorsee.

Exceptions from the Court of Common Pleas, Whitman C. J. presiding.

Assumpsit on a note made by the defendant to one *Oliver Hale, Jr.* and by him indorsed, dated *July* 23, 1835, for $2760, payable in one year from date with interest. The action was referred in the Court of Common Pleas to *J. Adams Esq.*, the decision to be made on legal principles. At the hearing before the referee, the defendant, for the purpose of obtaining a continuance, offered an

affidavit of facts expected to be proved by *Hale,* who was absent, tending to prove that the note was void when originally given, being indorsed by *Hale,* before it fell due.   The referee rejected the affidavit on the ground, that if *Hale* was present, he was an incompetent witness to prove the facts.   There was also testimony introduced, which the defendant contended, showed, that there was usury in the indorsement of the note by *Hale* to the plaintiff.   The bill of exceptions then states, that " on the foregoing facts and evidence the referee reported, that the plaintiff should recover the full amount of the note with interest ; to the acceptance of whose report the defendant objected, and produced the same evidence to the presiding Judge, who ruled, that no such error in point of law was apparent in the case, as would authorize the Court to refuse the acceptance of the report, and thereupon ordered it to be accepted."   The defendant filed exceptions.

*Codman &y Fox,* for the defendant, submitted the case without argument.

*W. Goodenow,* for the plaintiff, by his brief, cited *Clapp* v. *Balch,* 3 *Greenl.* 216 ; *Walker* v. *Sanborn,* 8 *Greenl.* 288 ; *North Yarmouth* v. *Cumberland,* 6 *Greenl.* 25 ; *Churchill* v. *Suter,* 4 *Mass. R.* 156 ; *Knights* v. *Putnam,* 3 *Pick.* 184.

The opinion of the Court was afterwards drawn up by

Weston C. J. — This suit was referred to *Joseph Adams, Esq.* to be decided by him upon legal principles.   When his report was offered for acceptance in the Common Pleas, the judgment of the referee, upon certain questions of law, was examined, and being approved by the Judge, or because they did not appear on the report, the same was accepted.   So far as that acceptance rested in the discretion of the Judge, it was not a matter, which was open to exceptions.   The report is not made a part of the case.   Whether therefore the Judge overruled the objections, because they did not appear in the report, or because he regarded them as not well founded in law, we have not the means of determining.   But regarding the exceptions as indicating the ruling of the Judge, as well as the decision of the reference, upon the legal questions raised, we have examined them.   And we are of opinion that *Oliver Hale, Jr.* the payee of the note in question, which was nego-

tiable and negotiated, could not have been received as a competent witness to prove the note void when made, on the ground of fraud. This point was decided in *Churchill* v. *Suter,* 4 *Mass. R.* 156, and it has been repeatedly so determined in this Court. We are further of opinion, that it was not competent for the defendant, the maker of the note, to set up in defence, any usurious transactions between *Hale,* the payee and indorser, and the plaintiff. *Knights* v. *Putnam,* 3 *Pick.* 184.

*Exceptions overruled.*